**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**ANTONIO DESHAWN SANDERSON** **PETITIONER**

**v.** **CIVIL ACTION NO. 3:26-CV-239-JHM**

**CHIEF JERRY L. COLLINS** **RESPONDENT**

**MEMORANDUM OPINION**

*Pro se* Petitioner Antonio DeShawn Sanderson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (DN 1). On preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," Rule 4 of the Rules Governing § 2254 Cases,[1] the Court will dismiss the petition.

Petitioner states that he is a pretrial detainee awaiting trial in his state criminal case in Jefferson Circuit Court, *Commonwealth v. Sanderson*, No. 22-cr-454-002. A review of that case's docket reveals that trial is scheduled for November 2026.

Petitioner wishes to challenge the Jefferson Circuit Court's denial of his motions to suppress the search warrant and for a *Franks*[2] hearing, as well as to challenge the court's decision to try Petitioner and his codefendant together. Petitioner requests to send these issues "to higher court" because he "wants a more experienced judge to decide" these issues.

Petitioner may bring a § 2241 habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993).

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may apply the Rules to § 2241 cases.

[2] *Franks v. Delaware*, 438 U.S. 154 (1978).

Under *Younger v. Harris*,[3] "[w]hen there is a parallel, pending state criminal proceeding," federal courts generally "must refrain from enjoining the state prosecution." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). For abstention, there must be "state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal [petitioner] with an adequate opportunity to raise his or her constitutional claims." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 701 (6th Cir. 2013). The Sixth Circuit has recognized three exceptions permitting a federal court to consider a pretrial habeas petition: when the petitioner seeks a speedy trial and available state-court remedies have been exhausted, *see Atkins v. Michigan*, 644 F.2d 543, 546-47 (6th Cir. 1981); when the petitioner seeks to avoid a second trial on double jeopardy grounds, *see Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and when the petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *see Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989).

Because Petitioner is essentially requesting the Court's review of his pending state-court criminal case, federal habeas relief is unavailable. *See Braden*, 410 U.S. at 493. Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed so that the state courts may adjudicate the claims in the first instance. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc).

In this case, Petitioner clearly has not exhausted his claims in state court. He can still present any constitutional claims during the course of his criminal trial, on direct appeal, or, if

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

applicable, through a properly filed state collateral attack; and he also can file a petition for writ of mandamus in the state appellate court asking that court to compel the trial court to act. Petitioner, therefore, fails to meet his burden of demonstrating exhaustion of available state-court remedies. The Court finds no unusual or exceptional circumstances which warrant the Court's involvement in his state-court case without Petitioner first exhausting his state-court remedies.

Because it is evident from Petitioner's § 2241 petition that it was filed without exhausting his available administrative remedies with respect to his claim, his petition will be dismissed without prejudice. *See, e.g.*, *Graham v. Snyder*, 68 F. App'x 589 (6th Cir. 2003) (affirming district court's *sua sponte* dismissal without prejudice of a § 2241 petition for failure to exhaust administrative remedies); *see also Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (holding that "when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice based on that affirmative defense") (citations omitted). Petitioner may file a new action upon full exhaustion of his administrative remedies.

This habeas action is therefore premature and must be dismissed.

**CERTIFICATE OF APPEALABILITY**

In the event that Petitioner appeals this Court's decision, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). "A state pretrial detainee asserting claims under 28 U.S.C. § 2241 may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA")." *Winburn v. Nagy*, No. 19-2398, 2020 WL 1951893, at *2 (6th Cir. Apr. 23, 2020) (citing 28 U.S.C. § 2253(c)(1)) ("[T]he language of § 2253(c)(1)(A) requires certificates of appealability for all state-prisoner habeas appeals, whether

seeking pretrial relief under § 2241 or post-conviction relief under § 2254"); *Simmons v. Washington*, No. 24-1757, 2025 WL 740835, at *1 (6th Cir. Jan. 27, 2025) ("State pretrial detainees proceeding under § 2241 must obtain a COA to appeal the denial of relief.") (citing *Winburn v. Nagy*, 956 F.3d 909, 911-12 (6th Cir. 2020); *Williams v. Oldham*, No. 218CV02021MSNTMP, 2021 WL 4497859, at *10 (W.D. Tenn. Sept. 30, 2021) (noting that the Sixth Circuit has determined that a COA is required for "all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254") (citing *Winburn*, 956 F.3d at 912).

A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id*. This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order dismissing this action without prejudice and denying a certificate of appealability.

Date: October 14, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
4414.009